## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| RYAN LESLIE CLAXTON, individually and as Independent Executor of the ESTATE OF FRANK L. HERRINGTON, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 4:20-CV-00641-SRC<br>) |
| MONSANTO COMPANY, | )<br>)<br>) |
| Defendant. | ) |

**CASE MANAGEMENT ORDER - TRACK 2: STANDARD**

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri, and the Rule 16 Conference held on **September 23, 2020**;

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

**I.     SCHEDULING PLAN**

1. This case has been assigned to Track 2 (Standard).

2. Any motions to be filed with the United States Judicial Panel for Multi-District Litigation shall be filed no later than **September 30, 2020**.

3. Any motions for joinder of additional parties or amendment of pleadings shall be filed no later than **November 1, 2020**.

4. Disclosure shall proceed in the following manner:

    (a) The parties shall make all disclosures required by Fed. R. Civ. P. 26(a)(1), no later than **November 1, 2020**.

    (b) Plaintiff shall provide a Plaintiff's Fact Sheet (PFS) no law than **November 1, 2020**.

  (c) Plaintiff shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2), no later than **June 11, 2021**, shall make expert witnesses available for depositions, and have depositions completed, no later than **June 25, 2021.**

  (d) Defendant shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2), no later than **August 13, 2021**, shall make expert witnesses available for depositions, and have depositions completed, no later than **August 27, 2021**.

  (e) The presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a), shall apply.

  (f) All discovery shall be completed no later than **August 27, 2021**.

  (g) Discovery motions shall be pursued in a diligent and timely manner, but in no event filed later than **August 16, 2021**. Counsel shall refer to my Requirements regarding discovery motions, which can be found on the Eastern District of Missouri's website.

 5. This case shall be referred to alternative dispute resolution on **August 13, 2021**, and that reference shall terminate on **October 27, 2021**.

 6. Any Daubert motions, motions to dismiss, motions for summary judgment, or motions for judgment on the pleadings, must be filed no later than **October 1, 2021.** Local Rule 4.01 governs response times for all motions unless otherwise provided by order of the Court.

 7. The pretrial conference will be held on **February 3, 2022** at **9 a.m**.

## II. ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **February 10, 2022**, at **9:00 a.m.** This is a three-week docket.

Pursuant to Local Rule 8.04 the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty-one (21) days prior to the date set for trial:**

 **1.** <u>Stipulation</u>: Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

  **2.** <u>Witnesses</u>:

  (a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

  (b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

  **3.** <u>Exhibits</u>:

  (a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs shall use numbers and defendants shall use letters for exhibits. If you are a defendant and have more than 26 exhibits (A through Z), use AA, AB, AC . . . AZ, followed by BA, BB, etc.) and deliver to opposing counsel and to the Court a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.   The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

  (b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

  (c) No exhibit shall be shown to the jury until it is received in evidence or the Court has granted permission for the exhibit to be shown to the jury. Exhibits may be used in opening statements with consent of opposing counsel.

  (d) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.   Any objections not made in writing **at least fourteen (14) days prior to trial** may be considered waived.

  **4.** <u>Depositions, Interrogatory Answers, and Request for Admissions</u>:

  (a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.   **At least fourteen (14) days before trial,** opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

  (b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.   Any objections not made as above required may be considered waived.

**5.** <u>Instructions</u>:

(a) Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions **at least fourteen (14) days before trial** in light of opposing party's requests for instructions.   (Each request must be supported by at least one pertinent citation.)

(b) Eighth Circuit Jury Instructions <u>will</u> be used in all cases if available.   If instructions from any other source are proffered, they must be accompanied by case authority.

(c) Parties shall submit a clean copy and a dirty copy of each instruction proffered.   A clean copy for the jury will reflect only "Instruction No. ____" at the top with no further explanatory comments at the top or bottom of the page.

**6.** <u>Trial Brief</u>:   Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

**7.** <u>Motions In Limine</u>:   File all motions in limine to exclude evidence, and submit a courtesy copy directly to the Court's chambers, **at least fourteen (14) days before trial.**

So Ordered this 24th day of September, 2020.

*SL R. CR*

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE